UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


JOHN UMBARGER,

        Petitioner,

                                          Case No.  2:07-CV-192

v.

                                          HON. ROBERT HOLMES BELL

GERALD HOFBAUER,

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on a Petitioner John Umbarger's objections to the
Magistrate Judge's November 9, 2007, Report and Recommendation ("R&R")
recommending that Petitioner's § 2254 petition for writ of habeas corpus be dismissed with
prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases, because it plainly
appears from the petition and the attached exhibits that Petitioner's claims are barred by the
doctrine of procedural default.  (Dkt. No.  2.)  The R&R was duly served on the parties.
Petitioner filed objections to the R&R on November 21, 2007.  (Dkt. No.  3.)

This Court is required to make a de novo determination of those portions of the R&R
to which objection has been made, and may accept, reject, or modify any or all of the
Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.
72(b).  Although the Magistrate Judge's R&R is reviewed de novo, this Court must review

the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner contends that the R&R is fundamentally flawed because the Magistrate Judge misapprehended the nature of Petitioner's claim.  Petitioner has alleged that he was charged in a major misconduct report with possession of stolen property, that he was convicted by a hearings officer, and that his conviction resulted in the forfeiture of fifteen days of previously earned disciplinary credits.  (Dkt. No. 1, § 2254 Pet. ¶¶ 4-7.)  Petitioner contends that he is challenging the jurisdiction of the Michigan Department of Corrections ("MDOC") to charge, try, convict, and sentence him for a violation of the Michigan Penal Code.

The distinction raised by Petitioner does not excuse his procedural default.  Whether Petitioner was challenging the administrative processing of the charges or the underlying MDOC rules themselves, Petitioner was required to exhaust the remedies available in the state courts.  28 U.S.C. § 2254(b)(1).  Petitioner has not shown "cause" for the procedural default and "actual prejudice" as a result of the alleged constitutional violation, nor has he shown actual innocense.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Accordingly, federal habeas review of his claim is barred.  *Id.*

Furthermore, even if Petitioner's claim were not procedurally barred, it would fail on the merits.  The Supreme Court has already established that "[p]rison disciplinary proceedings are not part of a criminal prosecution." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 3) are **DENIED**.

**IT IS FURTHER ORDERED** that the November 9, 2007, Report and Recommendation of the Magistrate Judge (Dkt. No. 2) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:     April 10, 2008                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            CHIEF UNITED STATES DISTRICT JUDGE